# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRANT STREET GROUP, INC., | |
| Plaintiff, | 2:09-cv-01407 |
| v. | Judge Mark R. Hornak |
| REALAUCTION.COM, LLC, | |
| Defendant. | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge,**

Pending before the Court is the Defendant's Motion to Quash a deposition subpoena for May 20, 2013, directed to Mr. Michael DeLuca by Plaintiff, or alternatively, for a protective order barring the Plaintiff from taking that deposition. ECF No. 585. The Motion is granted in part and denied in part.

First, the parties agree that as to a Motion to Quash that subpoena, this Court is without the power to do that. *See* Fed. R. Civ. P. 45(c)(3)(A). The subpoena is issued out of the United States District Court of the Southern District of Florida, for a deposition to be conducted in that District. It is that Court that has the power to quash. *Id.*

That said, the parties did agree, during a telephone conference with this Court on May 7, 2013, that this Court did have the authority to rule on the Motion for Protective Order, which would have the same effect as a Motion to Quash *inter partes*, in that if it were granted, this Court would be prohibiting the Plaintiff from proceeding with that deposition. The Court agrees that it has such authority, and will proceed with the disposition of that Motion. *See* Fed. R. Civ. P. 26(b)(2)(C).

The bone of contention here is the desire of the Plaintiff to get Mr. DeLuca on the testimonial record, and to then use that testimony at the soon upcoming trial. Plaintiff contends that this is an unexceptional effort to line up and gather trial testimony from a witness who cannot be compelled to come to Court in Pittsburgh and testify at trial, contrary to the Defendant's contention that this is a "cheap", "lame", "blatant", "scurrilous", "tactical", "tar-and-feather", "dog-ate-my-homework",[1] effort to conduct discovery long after the discovery period has closed. Defendant argues that this is nothing more than an effort to take a discovery deposition long after discovery has closed, and there are no special circumstances in play that would justify it on the eve of trial.

The Plaintiff contends that Mr. DeLuca has been well-known to all parties as a witness that at least Plaintiff thought had important information relevant to the case, that he was retained/used by the Defendant as a non-testifying expert in this action, and that the importance of what Mr. DeLuca knows, and could testify about, only came into focus in several authorized, post-discovery depositions, including the continued deposition of the Defendant's CFO. Further, Plaintiff seeks to depose Mr. DeLuca for the purpose of authenticating (or not) an email from Mr. DeLuca to a colleague at BankAtlantic dated May 19, 2004 ("Email"), which Plaintiff argues is very important to its claim of willful infringement and as to damages, matters Plaintiff contends are more in keeping with the concept of "trial testimony" rather than discovery. As an overarching theme, Plaintiff posits that for all of these reasons, and others, there is no prejudice, at least not material prejudice, to Defendant if this deposition takes place on May 20, 2013.

The Defendant's core opposing argument is that there is nothing new here. Mr. DeLuca is not a witness that the Plaintiff thought, or should of thought, was "friendly" and therefore might

---

[1] All terms used by the Defendant in its Reply Brief in support of its Motion to describe the conduct of the Plaintiff in seeking this deposition. ECF No. 594. In the Court's experience, the use of such descriptive commentary rarely aids the decisional process, and does not here.

2

come to trial in any event but has now double-crossed it, and there is no sudden or surprising event that has occurred that has made Mr. DeLuca more "unavailable" than would have been known during discovery, or shortly thereafter. There is no record information that Mr. DeLuca was lined up to come to Pittsburgh for trial and has now turned tail due to cold feet, illness, family emergency, pre-paid long scheduled vacation plans, or the like. Further, Defendant notes that while it disagrees with the relevance or admissibility of pretty much anything Mr. DeLuca might say, or of the Email, both it and the Plaintiff have known for quite some time that the Plaintiff has believed that the Email, and Mr. DeLuca's testimony, are matters of consequence. Thus, Defendant notes that there is no reason to now allow for more discovery, including this deposition.

The Defendant has the better of the argument. The Federal Rules of Civil Procedure do not neatly divide depositions into those for discovery and those for trial, and in fact, provide the mechanism, in the "discovery" portion of those Rules, for how and when a deposition may be used at trial, subject to the Federal Rules of Evidence. Fed. R. Civ. P. 32(a). The Court concludes that the Plaintiff has had plenty of time to secure Mr. DeLuca's testimony via deposition, it had a sufficient basis to apprehend the perceived importance to its case of such testimony for some time now, and at this late hour (shortly before trial), it would be inequitable to open up the process for his deposition generally.

That said, the Court does not find it inequitable to allow for the authentication, or not, of the Email. This Court has not yet ruled on the Defendant's recent Motion for Summary Judgment on the issue of willfulness. The Email itself may be relevant and admissible, and it does not appear that the Court's Order of December 28, 2012, ECF No. 556, conclusively ruled it inadmissible. The Defendant does not contend in its Motion that the Email is actually not

authentic, merely that it "cannot believe" that Plaintiff did not use whatever tools were at its disposal to authenticate it before now. A good point, perhaps, but that use of a deposition shortly before trial is not as troublesome to the Court as would be a more wide-ranging examination. Therefore, the Court will permit the deposition of Mr. DeLuca to proceed, but for one purpose, and one purpose only -- the authentication of the Email -- if the Defendant is not in a position to stipulate as to its authenticity.[2] In all other respects, the Motion for a Protective Order is granted.

The Court further finds no record basis to conclude that the Plaintiff's efforts in seeking to depose Mr. DeLuca were cloaked in bad faith, pointless delay, obstruction, or other prohibited conduct so as to warrant assessment of any sanctions,[3] and the Motion in that regard is denied.

Mark R. Hornak
United States District Judge

Dated: May 14, 2013

cc: All Counsel of Record

---

[2] Such a stipulation, if made, would of course relate only to authenticity, not admissibility. This limited authority to depose Mr. DeLuca means that Plaintiff may inquire of Mr. DeLuca as to the authenticity of the Email. If he says that it really is what it purports to be, Fed. R. Evid. 901(a), then it will be a very short deposition. If on the other hand, he unequivocally says that it is not genuine, counsel may follow up and ask him why that is so. If his testimony takes a third route, and he is uncertain, counsel may engage in limited follow up as to why he is uncertain, but that may not drift into any generalized inquiry as to any dealings arguably related to any claim or defense in this case.

[3] Lawyers turning out to be incorrect as to the application of the law to the facts relative to a particular issue is not in the Court's experience a basis for sanctions, absent some level of impermissible scienter.