# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRANT STREET GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:09-cv-01407 |
| v. | ) |
| | ) Judge Mark R. Hornak |
| REALAUCTION.COM, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is Defendant's Motion for Summary Judgment on the issue of willful patent infringement. This case has been ongoing for three and a half years, with a docket quickly approaching 630 entries. Moreover, this Motion is not the first rendezvous between these two parties. Because the parties are well acquainted with the facts, this Court need not go into the specifics regarding the background of the case.

Grant Street Group, Inc. ("Grant Street") brought this suit arguing that Realauction.com, LLC ("Realauction") infringed one of its patents,[1] and did so willfully. Realauction denies any patent infringement and further argues that Grant Street's '063 patent is invalid. The issue presently before the Court is whether Realauction's Motion for Summary Judgment as to willful infringement should be granted. The Court has carefully considered all of the parties' briefs[2] and the issue is ripe for disposition. For the reasons that follow, the Motion for Summary Judgment is

---

[1] U.S. Patent No. 7,523,063 (the "'063 Patent").

[2] *See* ECF Nos. 566, 567, 568, 575, 576, 577, 578, 579, 580, 583, 584, 589, 595.

denied without prejudice, the Court reserving its ruling on the issue of willfulness until the Court has had the benefit of the evidence presented at trial.

I. **Standard**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The parties must support their position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). In other words, summary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party measured against the standard fixed by the applicable substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

In reviewing the evidence, the court is to draw all reasonable inferences in favor of the non-moving party. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Huston v. Procter & Gamble Paper Prod. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009) (citations omitted). It is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations. *See Anderson*, 477 U.S. at 255; *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004); *Boyle v. Cnty. of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247–48 (1986). An issue is "genuine" if a reasonable jury could possibly hold in the non-movant's favor with regard

2

to that issue. *See id.* "Where the record taken as a whole could not lead a reasonable trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587; *Huston*, 568 F.3d at 104.

## II. Discussion

Pursuant to 35 U.S.C. § 284, a finding of willful infringement allows an award of enhanced damages "up to three times the award found or assessed." 35 U.S.C. § 284. In *In re Seagate Tech., LLC*, 497 F.3d 1360, the United States Court of Appeals for the Federal Circuit announced, in an *en banc* opinion, a two-part test for willful infringement:

> [T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. . . . The state of mind of the accused infringer is not relevant to this objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

*In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). The objective prong is "a separate legal test from *Seagate's* subjective component" and the "subjective requirement . . . must be addressed only after the objective requirement is satisfied." *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1005, 1007 (Fed. Cir. 2012). "Should the court determine that the infringer's reliance on a defense was not objectively reckless, it cannot send the question of willfulness to the jury, since proving the objective prong is a predicate to consideration of the subjective prong." *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1236 (Fed. Cir. 2011).

This means that this Court may grant Realauction's Motion for Summary Judgment only if it concludes that as a matter of law, Grant Street will not be able to prove by clear and

3

convincing evidence that any infringement by Realauction was done with an objectively high likelihood that its conduct was infringing.

The "'objective' prong of *Seagate* tends not to be met where an accused infringer relies on a reasonable defense to a charge of infringement." *Bard*, 682 F.3d at 1005-06 (quoting *Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1319 (Fed. Cir. 2010)); *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 260 F. App'x 280, 291 (Fed. Cir. 2008) ("both legitimate defenses to infringement claims and credible invalidity arguments demonstrate the lack of an objectively high likelihood that a party took actions constituting infringement of a valid patent."). "This holds true even if defenses to infringement, including claim constructions, are unsuccessful, so long as they are legitimate or reasonable." *CSB-Sys. Int'l Inc. v. SAP Am., Inc.*, No. 10-2156, 2012 WL 1439059, at *3 (E.D. Pa. Apr. 25, 2012).

Under *Seagate's* objective prong, "the court is in the best position for making the determination of reasonableness . . . [and therefore] the objective determination of recklessness, even though predicated on underlying mixed questions of law and fact, is best decided by the judge as a question of law subject to *de novo* review." *Bard*, 682 F.3d at 1006-07. According to *Bard*,

> "the answer to whether an accused infringer's reliance on a particular issue or defense is reasonable is a question for the court when the resolution of that particular issue or defense is a matter of law" but it "is properly considered by the jury" "[w]hen the resolution of a particular issue or defense is a factual matter."

*Bard*, 682 F.3d 1003, 1006 (quoting *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1236–37 (Fed. Cir. 2011)). When a defense theory is purely legal, then the objective recklessness of such a defense is to be determined by the judge. *Id.* at 1007. "When the objective prong turns on fact questions . . . or on legal questions dependent on the underlying facts . . . the judge remains the final arbiter of whether the defense was reasonable, even when the underlying fact question is

4

sent to a jury." *Id.* "[T]he judge may when the defense is a question of fact or a mixed question of law and fact allow the jury to determine the underlying facts relevant to the defense in the first instance." *Id.* at 1008.

Realauction's argument for the entry of summary judgment rests solely on *Seagate's* objective prong. Realauction argues that because its trial defenses are "objectively reasonable, Grant Street cannot prove by clear and convincing evidence that Realauction acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." ECF No. 567 at 5. Specifically, Realauction points to its written description invalidity defense, as well as its noninfringement defenses that its products do not auction "financial or legal instruments" and do not "provide a centralized time indication." ECF No. 567.

The problem with the Defendant's Motion is that it seems to assume that by simply stating and presenting its defenses it has met its summary judgment burden of negating the existence of the objective prong of the *Seagate* test: "[t]he mere presentation of defenses for non-infringement and invalidity, however, does not preclude a finding of willfulness. Rather, the issue of the reasonableness of those defenses must be resolved." *CSB*, 2012 WL 1439059, at *10.

The Court concludes that there are likely mixed questions of law and fact with regard to Realauction's defenses, insofar as the jury should be presented the evidence to "determine the underlying facts relevant to the defense[s]" before this Court rules on the objective prong of willful infringement. For instance, as noted in the Court's prior order on summary judgment, the written description defense is a question of fact. *See* ECF No. 335 at 31 (adopted by ECF No. 367); *see also Ariad Pharm. Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1355 (Fed. Cir. 2010). While the Court has already ruled on Defendant's motions for summary judgment with regard to some of its defenses, it is important to note that "summary judgment rulings do not automatically

prove that an objectively reasonable defense has been raised." *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. 09-290, 2012 WL 5417552, at*2 (W.D. Pa. Nov. 2, 2012).

Moreover, with regard to the "centralized time indication" defense, Realauction argues that its product does not infringe the '063 patent by "providing a centralized time indication" because it removed a clock labeled "Official Auction Clock" from the display screen of its software in March 2010, and therefore could not willfully infringe thereafter. ECF No. 567 at 17-19. However, the '063 patent was issued to Grant Street on April 21, 2009. ECF No. 580-2 at Ex. 1; ECF No. 584 at 1. Realauction admits that it had notice of the '063 patent as early as May 20, 2009. ECF No. 584 at 6. Here, at a minimum, the decision to keep the "clock" in place on its software for the ten months in which it had knowledge of the '063 patent could very well demonstrate, objectively, that Realauction essentially threw caution to the wind and, if it infringed, did so recklessly. The Court concludes that only by its consideration of trial evidence can it make the "objective reasonableness" finding[3] necessary to the Defendant's arguments.

Realauction also improperly argues that actions taken by a defendant prior to the issuance of a patent are irrelevant to willfulness. ECF No. 583 at 3-6. While a party's pre-patent actions are rarely enough alone to carry the day on willfulness, they may explain or add context to post-issuance behavior, and are part of the totality of the circumstances this Court must consider. *See State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe *a patent*, the patent must exist . . . "). *Cf. CSB*, 2012 WL 1439059, at *4 (E.D. Pa. Apr. 25, 2012) ("Notably, the objective test focuses on facts and circumstances available to the

---

[3] The Court also notes with interest that among the defenses relied on by Realauction now is "obviousness," which was a core issue in the litigation which culminated in the Federal Circuit's decision regarding the invalidity of Grant Street's '099 Patent, and which was rendered before the '063 Patent issued. *See Muniauction, Inc. v. Thompson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008). How the existence of that decision prior to the issuance of the '063 Patent, and its application/consideration by Realauction in the context of the alleged infringement of the '063 Patent plays out is yet to be seen, but perhaps it will relate to the "objective reasonableness" (or not) of the conduct of Realauction relative to the '063 Patent, post-issuance.

accused at the time the action under scrutiny was taken.") (citing *i4i Ltd. P'ship v. Microsoft Corp.*, 670 F. Supp. 2d 568, 581 (E.D. Tex. 2009)). As the *i4i* Court held,

> As a consequence, the number of creative defenses that [a defendant] is able to muster in an infringement action after years of litigation and substantial discovery is irrelevant to the objective prong of the *Seagate* analysis. Rather, the correct analysis focuses on whether, given the facts and circumstances prior to [the defendant's] infringing actions, a reasonable person would have appreciated a high likelihood that acting would infringe a valid patent.

*i4i*, 670 F. Supp. 2d at 581-82.

Finally, it is telling that according to Grant Street, there is no evidence that Realauction actually considered or relied on any of these now-asserted defenses before it was sued, and it was not relying on any legal advice before acting. As to the lack of legal advice, the Court does note that the Federal Circuit "abandon[ed] the affirmative duty of due care . . . [and that] there is no affirmative obligation to obtain opinion of counsel." *Seagate*, 497 F.3d at 1371. While the lack of counseled legal advice is therefore not dispositive or conclusive, it does permissibly factor into the overall context, and therefore the "reasonableness" of the asserted defenses supporting the allegedly infringing conduct.

Realauction has not demonstrated, as it must under *Anderson v. Liberty Lobby*, that the record evidence is so lacking that this Court must conclude, as a matter of law, that Grant Street cannot prove willful infringement by clear and convincing evidence. Further, the summary judgment record before the Court does not demonstrate as a legal matter, that Realauction had, and relied on, one or more reasonably legitimate defenses to an infringement claim at the time of the asserted infringement. Trial testimony and evidence may reveal that to be the case. Therefore, its Motion must be denied, at least for now.

This Court will adopt the approach of its colleague in this Court and will present any questions of fact necessary to the objective recklessness issue to the jury, the Court will then

resolve the legal question of objective recklessness upon the appropriate motion. *See Carnegie Mellon*, 2012 WL 5414552, at *2.

### III. Conclusion

Realauction's Motion for Summary Judgment as to willful infringement is DENIED without prejudice, with the Court reserving its ruling on the issue of willfulness until the parties have had an opportunity to present their evidence at trial and upon the appropriate motion.

                                                                    _____
                                                                    Mark R. Hornak
                                                                    United States District Judge

Dated: May 31, 2013
cc:  All counsel of record